# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HERMAN STAPLE** | : | Civil No. 3:15-CV-2446 |
| **Plaintiff,** | : | |
| v. | : | (Magistrate Judge Carlson) |
| **LT. HORENER, et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM ORDER

This *pro se* prisoner civil rights lawsuit is assigned to the undersigned and is scheduled for trial on January 13, 2020. On December 19, 2019, we received a motion from the defendants asking for leave to re-open discovery to depose the plaintiff prior to trial. (Doc. 130). This motion is made one year after the discovery deadline had closed following eight extensions of that deadline and 2 ½ years after the defendants had initially obtained court approval to depose the plaintiff but apparently had not followed through and conducted that deposition.

Noting that there was no indication that the plaintiff concurred in, or was aware of, this motion we ordered defense counsel to cause a copy of this motion and our order to be expeditiously delivered to the plaintiff and directed the plaintiff to respond to the motion on or before **January 3, 2020.**

We have now received the plaintiff's objections to this request to re-open discovery, which opposes the request as untimely and potentially prejudicial since

Staple may not have an opportunity to review and correct the deposition transcript prior to trial. (Doc. 132). While we are sympathetic to the situation of current defense counsel who was only very recently assigned to this case, we find that Staple's objections are well taken since "where a party has submitted an untimely discovery request, the court can, and in the exercise of its discretion often should, refuse to compel compliance with that request. See, e.g., Maslanka v. Johnson & Johnson, 305 F. App'x 848 (3d Cir. 2008) (affirming denial of *pro se* litigant motion to compel where discovery demands were untimely); Oriakhi v. United States, 165 F.App'x 991 (3d Cir. 2006) (same); Bull v. United States, 143 F.App'x 468 (3d Cir. 2005) (same)." Njos v. United States, No. 3:12-CV-1252, 2015 WL 5227838, at *2 (M.D. Pa. Sept. 8, 2015). In the instant case, the request to depose Staple is untimely and is made within days of trial. While this is certainly not the fault of the newly appointed defense counsel who has acted with dispatch, it is potentially prejudicial to Staple, who objects to re-opening discovery at this late date. Accordingly, Staple's objection will be sustained and the motion to re-open discovery (Doc. 130) is DENIED.

So ordered this 2nd day of January 2020.

*s/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge